IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| PLAINTIFF A, by his natural mother and general guardian, PARENT A, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 21-cv-6153-SRB ) |
| PARK HILL SCHOOL DISTRICT, et al., | ) ) |
| Defendants. | ) ) |

**ORDER**

Before the Court is Defendants Park Hill School District, Janice Bolin, Bart Klein, Kimberly Ried, Todd Fane, Scott Monsees, Susan Newberger, Brandy Woodley, Jeanette Cowherd, Josh Colvin, and Kerrie Herren's (collectively, "Defendants") Proposed Bill of Costs. (Doc. #154.) For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

This lawsuit arises out of Plaintiff A, Plaintiff B, Plaintiff C, and Plaintiff D (collectively, "Plaintiffs")[1] publishing of an online petition to "Start slavery again" ("the Petition"). As a result of the Petition, Plaintiff A was expelled from high school and Plaintiffs B, C, and D were suspended for 170 days. Plaintiffs filed suit against Defendants and assert the following claims pursuant to 42 U.S.C. § 1983: (1) violation of the First Amendment; (2) violation of the Fourteenth Amendment Due Process; (3) violation of the Fourteenth Amendment Equal Protection, asserted

---

[1] The minor Plaintiffs and their parents proceed anonymously pursuant to the Court's prior Order. (Doc. #5.)

by Plaintiffs B, C, and D only; and (4) Failure to Train and Supervise, or Inadequate Training and Supervision.

On November 12, 2021, Plaintiffs also filed a motion for a preliminary injunction, requesting that the Court require Defendants to readmit Plaintiffs to PHS. (Doc. #7.) On January 31, 2021, the Court presided over oral arguments regarding Plaintiffs' motion for a preliminary injunction. On February 8, 2022, the Court denied Plaintiffs' motion. (Doc. #75.) On September 30, 2022, Plaintiffs dismissed Counts I and IV. (Doc. #131; Doc. #132.) On November 14, 2022, Defendants filed a motion for summary judgment as to Counts II–III. (Doc. #137.) The Court granted summary judgment in favor of Defendants on January 6, 2023. (Doc. #151.)

Defendants timely filed their proposed Bill of Costs on January 18, 2023, seeking an award of $22,163.36. (Doc. #154.) Plaintiffs filed their objections to the District's proposed Bill of Costs on February 10, 2023, asking the Court to award a reduced amount. (Doc. #160.) On February 20, 2023, Defendants filed a reply brief in support of its proposed Bill of Costs. (Doc. #161.) The Court will address the parties' arguments below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides, in part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "The costs that may be awarded to prevailing parties in lawsuits brought in federal court are set forth in 28 U.S.C. § 1920." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 562 (2012). "Under 28 U.S.C. § 1920, the judge or court clerk 'may tax as costs' fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002).

Despite the presumption that a prevailing party is entitled to costs, the district court "has substantial discretion in awarding costs to a prevailing party." *Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992). Consequently, "[a]n award of costs may be reduced or denied because the prevailing party obtained only a nominal victory, or because the taxable costs of the litigation were disproportionate to the result achieved." *Id*; *see also Greaser v. State Dep't of Corr.*, 145 F.3d 979, 985 (8th Cir. 1998) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442 (1987)) (noting Rule 54(d) is permissive and "grants a federal court discretion to refuse to tax costs in favor of the prevailing party"). While a court has discretion in determining and awarding costs, its discretion cannot be used to compensate for costs that are not included in the statute. *See Brisco-Wade*, 297 F.3d at 782–83.

**III.    DISCUSSION**

Defendants assert that, as the prevailing part in this action, they are entitled to costs in the amount of $22,163.36. Specifically, Defendants seek (1) $10,002.65 in fees for service of summons and subpoenas; (2) $45.36 in fees for exemplification and copies; and (3) the compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828. Plaintiffs argue that the Court should reduce the Defendants' award by $14,200.98 because Defendants are not entitled to recovery of (1) video conference fees and video service fees; and (2) electronic discovery costs. Defendants disagree. The parties' arguments are addressed separately below.

    **A.**    **Video Conference Fees**

Defendants seek $2,058.63 for video conference and service fees. Plaintiffs object, arguing they are not recoverable as copies under 28 U.S.C. § 1920. Defendants state they "are willing to

3

Case 5:21-cv-06153-SRB    Document 162    Filed 02/21/23    Page 3 of 5

withdraw their request for these specific costs." (Doc. #161, p. 1.) Therefore, Defendants may not recover the requested $2,058.63 for video conference and service fees.

B. **Electronic Discovery Costs**

Defendants seek recovery of $12,115.35 for electronic discovery costs. Plaintiffs object, arguing these costs are not recoverable because they do not meet the standard set out by the D.C. Circuit in *United States v. Halliburton Company*, 954 F.3d 307, 310–312 (D.C. Cir. 2020). Defendants argue that "Plaintiffs' reliance on an opinion from the U.S. Court of Appeals for the D.C. Circuit–which took a narrow view of recoverable e-discovery 'copying' costs–is misplaced and irrelevant." (Doc. #161, p. 2.)

Pursuant to § 1920(4), the Court may tax costs for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" "[T]he law regarding what qualifies as 'making copies' within the meaning of § 1920(4) is inconsistent throughout the nation" and there is no "prevailing Eighth Circuit precedent on this issue[.]" *Jo Ann Howard & Assoc., P.C. v. Cassity*, 146 F.Supp.3d 1071, 1083 (E.D. Mo. 2015).

> [B]ecause the term 'copies' is construed to include copies of digital documents, any process or procedures inherent in producing a completed 'copy' of the final digital document must be recoverable, as the ultimate digital copy could not be completely and accurately produced but for the completion of those ancillary procedures. . . . This includes things like the costs of OCR scanning, TIFF conversions, producing load files, the imaging of computer storage drives, the transfer of files from one drive or disc to another, and the extraction or imaging of metadata. These are all examples of procedures undertaken by Plaintiffs which are implicit in the creation of a copy of a digital document, necessarily performed in order to accurately reproduce the document in accordance with a production request by Defendant and the court.

*Jo Ann Howard*, 146 F.Supp.3d at 1084 (citing *CBT Flint Partners*, 737 F.3d 1320 (Fed. Cir. 2013)).

The Court agrees with Defendants that the requested electronic discovery costs are recoverable. The requested costs are "only costs that qualify as those necessary to making a

4

faithful reproduction of ESI." (Doc. #161, p. 2.) Further, Plaintiffs do not make any arguments besides stating the costs do not fall under those allowed by the D.C. Circuit in *Halliburton*. The Court finds that the requested electronic discovery costs were expended in making copies of digital documents in accordance with § 1920(4) and are therefore recoverable.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendants' Proposed Bill of Costs (Doc. #154) is **GRANTED IN PART** and **DENIED IN PART**. The Proposed Bill of Costs is **GRANTED** insofar as Defendants may recover $12,115.35 for electronic discovery costs and **DENIED** insofar as Defendants may not recover $2,058.63 for video conference and service fees. In sum, Defendants are entitled to recover $20,077.73 in costs pursuant to § 1920.

**IT IS SO ORDERED.**

Dated: February 21, 2023

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE